1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WADE S.,

                    Plaintiff,

     v.

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

CASE NO. C22-5614-BAT

**ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE CASE**

Plaintiff appeals the ALJ's May 24, 2022, decision finding him not disabled. He contends the ALJ erroneously failed to (1) resolve conflicts between the vocational expert's (VE) testimony and information contained in Job Browser Pro; (2) address medical examiner evidence indicating he is limited to sedentary work; (3) properly reject Mr. Reinersten's opinions; and (4) properly reject Plaintiff's testimony. For the reasons below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case.

### DISCUSSION

**A.    Vocational Expert Testimony**

Plaintiff contends the ALJ erroneously failed to resolve a conflict between the VE's testimony and Job Browser Pro evidence. Petitioner did not present this argument or the Job Browser Pro evidence to the ALJ or Appeals Council and thus forfeited this argument. *See*

1  *Shaibi v. Berryhill*, 883 F.3d 1102, 1109-10 (9th Cir. 2017) (holding that challenges to a VE's

2  job numbers based on an alleged conflict with alternative sources of job information must be

3  raised "in a general sense before the ALJ" to preserve a claimant's challenge). In his reply brief,

4  Plaintiff argues job browser evidence can undermine VE testimony even when the evidence is

5  presented for the first time to a District Court. But the case[1] upon which Plaintiff relies for this

6  argument notes that arguments or evidence raised for the first time in this court are normally

7  waived and granted relief in light of how there are other federal court decisions regarding the

8  number of jobs at issue, and not based upon Job Browser Pro evidence presented for the first

9  time to a reviewing court. The Court thus rejects the argument.

10        Because Plaintiff failed to present the argument to the ALJ, the ALJ was not required to

11  determine whether the VE's testimony was consistent with Job Browser Pro. *Id.* at 1109-10 (ALJ

12  has no duty to inquire into an alleged conflict between the VE's testimony and non-DOT

13  sources); *see also Maxwell v. Saul*, 840 F. Appx 896, 899 (9th Cir. Dec. 15, 2020) (rejecting

14  plaintiff's argument ALJ failed to resolve conflict between VE's testimony and non-DOT

15  vocational resources because an ALJ "does not have an affirmative obligation to resolve such

16  conflicts") (citing  *Shaibi*, 883 F.3d at 1109-10); *Grether A. D. v. Saul*, 2021 WL 1664174, at *8

17  (C.D. Cal. Apr. 28, 2021) (finding ALJ had "no duty to consider whether the vocational expert's

18  testimony was consistent with [non-DOT] sources [including Occu Collect]").

19        Additionally, the ALJ did not erroneously fail to include Plaintiff's stooping limitations

20  in the hypothetical questions posed to the VE. Rather, the ALJ specifically asked the VE what

21  jobs Plaintiff could perform if he could "never stoop." Tr. 2214.

22

23

---

[1] *Elizabeth I. v. Comm'r of SSA*, No 3:22-cv-5415-BAT, 2023 WL 12871 (W.D. Wash. Jan. 9, 2023)

1   The Court accordingly affirms the ALJ's treatment of the VE testimony presented in this
2   case.

3   **B.      Medical Examiner Evidence**

4          Plaintiff contends the ALJ erroneously rejected William Newman's, M.D. opinion
5   Plaintiff is limited to sedentary level work.  Dkt. 13 at 6.  The ALJ discounted Dr. Newman's
6   opinion Plaintiff is limited to sedentary work because the doctor found Plaintiff can lift ten
7   pounds regularly and twenty occasionally pounds which is consistent with light work. The ALJ
8   found this opinion showed the doctor lacked "program knowledge." Tr. 2163.  The Court cannot
9   say the ALJ's rationale is unreasonable or unsupported. While Dr. Newman used the term
10  "sedentary" the doctor also stated Plaintiff might be able to occasionally lift 20 pounds which
11  exceeds the limitations placed on sedentary work  It was thus reasonable for the ALJ to
12  determine the doctor's testimony is consistent with light work which involves lifting no more
13  than 20 pounds, 20 C.F.R § 404.1567(b), rather than sedentary work which involves lifting no
14  more than 10 pounds. 20 C.F.R § 404.1567(a).

15         In his reply, Plaintiff argues "Dr. Newman was speculative" and that it is an "open
16  question" whether the doctor intended to say Plaintiff could not lift twenty pounds occasionally.
17  This is an argument that there is more than one reasonable interpretation of Dr. Newman's
18  opinion. But, in such a situation, the Court is required to accept the ALJ's interpretation, and thus
19  is required to affirm the ALJ's determination here.

20  **C.      Jeri Lyn Reinersten, OTR**

21         In 2012, Ms. Reinersten opined Plaintiff could perform work that falls between the
22  sedentary and light work levels. Tr. 1361-79. Plaintiff contends the ALJ erred in discounting Mr.
23  Reinersten's opinions about his lifting and postural limitations because there is evidence to

support her opinion Plaintiff is limited to lifting 10-15 pounds and has "odd posture" limitations, including bending, stooping and need for kneeling. Dkt. 13 at 10-11.

The ALJ discounted the severity of the limitations assessed by Mr. Reinersten as not consistent with the medical record and Plaintiff's activities. The record shows there are opinions that Plaintiff's lifting ability is greater than Ms. Reinersten assessed. The ALJ for instance gave great weight to Dr. Whon's opinion that Plaintiff can lift twenty pounds. Tr. 2165.

The ALJ also discounted Ms. Reinersten's opinion as inconsistent with Plaintiff's ability to travel and exercise regularly. Tr. 2167. Plaintiff contends the ALJ should have discussed in more detail how these activities were performed. But Plaintiff bears the burden of showing the ALJ harmfully erred and does not show the ALJ's finding is unreasonable or unsupported. erroneous. The Court accordingly affirms the ALJ's assessment of Ms. Reinersten's opinions.

**D.   Plaintiff's Testimony**

Plaintiff testified problems regarding his neck, back, knee, shoulder, nervous bowel syndrome, stomach pain and depression prevent him from working. Tr. 2158. The ALJ discounted Plaintiff's testimony finding it inconsistent with the medical evidence, Plaintiff's activities and because Plaintiff's treatment was conservative and effective. Tr. 1623-28.

Plaintiff contends the ALJ erred because Dr. Newman and Ms. Reinersten opined he is more limited than the ALJ assessed. The argument fails because as discussed above, the ALJ did not erroneously assess Dr. Newman's or Ms. Reinersten's opinions.

Plaintiff also contends the ALJ erred in discounting his opinions as inconsistent with his activities, again arguing the ALJ should have discussed his activities in more detail. But as noted above, Plaintiff has the burden of showing harmful error and presents nothing showing the ALJ's findings are unreasonable or unsupported.

1   And lastly, Plaintiff contends the fact he was taking oxycodone shows his medical

2   providers "credited his pain as extreme and as debilitating as he said particularly bending

3   forward." Dkt. 13 at 13. This contention lacks support because Plaintiff's providers did not make

4   the finding asserted above.

5   The Court accordingly affirms the ALJ's assessment of Plaintiff's testimony.

6                                        **CONCLUSION**

7   For the foregoing reasons, the Commissioner's decision is **AFFIRMED,** and this case is

8   **DISMISSED** with prejudice.

9   DATED this 1st day of March, 2023.

10

11   _____

12   BRIAN A. TSUCHIDA
     United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23